DAVID WILLIAMS (Cal. Bar No. 183854)
ANTONIA CHION
RICKY SACHAR
MICHAEL L. RIEDLINGER
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC  20549-4010
Telephone:  (202) 551-4548 (Williams)
Facsimile:   (202) 772-9246 (Williams)
e-mail:  williamsdav@sec.gov

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS RUBIN AND BGLR ENTERPRISES, LLC<br><br>Defendants. | Case No.  SACV-11-01466 (JVS)<br><br>Hon. James V. Selna<br><br>**FINAL JUDGMENT AS TO DEFENDANTS THOMAS RUBIN AND BGLR ENTERPRISES** |

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against Defendants Thomas Rubin and BGLR Enterprises LLC ("Defendants").  Defendants previously entered general appearances and consented to the Court's jurisdiction over them and the subject matter of this action.  See Docket No.'s 29, 32.  Defendant Thomas Rubin also previously consented to: a permanent injunction prohibiting violations of Sections 10(b) of the Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)]; Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]; Sections 5(a) and (c) of the

Securities Act [15 U.S.C. §§ 77e]; a ten-year penny stock bar; the Commission's entitlement to disgorgement and prejudgment interest, and to a civil money penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Docket No. 32. Defendant BGLR Enterprises LLC previously consented to a permanent injunction prohibiting violations of Sections 5(a) and (c) of the Securities Act [15 U.S.C. §§ 77e]; a ten-year penny stock bar; the Commission's entitlement to disgorgement and prejudgment interest, and to a civil money penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

The Court previously entered Judgments as to Defendants providing, among other things, that the amounts of disgorgement, prejudgment interest, and civil money penalties against each Defendant be determined upon the Commission's motion. *Id.* On October 11, 2013, the Plaintiff filed its motion, along with a declaration in support and memorandum of law to set disgorgement, prejudgment interest, and civil penalty amounts. The Court having reviewed the Plaintiff's motion and supporting materials, having heard from the parties, and being fully advised of the premises, orders as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are liable, jointly and severally, for disgorgement of $1,323,838, representing profits gained as a result of the conduct alleged in the Complaint,

together with prejudgment interest thereon in the amount of $461, 023, covering the period beginning on December 7, 2006 for trading in Bluefire, for which the proceeds prior to PJI were $893,237; beginning on September 30, 2006 for Mattman, for which the proceeds prior to PJI were $165,952; and beginning on October 23, 2006 for Straight Up, for which the proceeds prior to PJI were $264,649.  Defendant Thomas Rubin is further liable for a civil penalty in the amount of $130,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].  Defendants shall satisfy this obligation by paying the full combined amount within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Clerk of this Court, together with a cover letter identifying the particular Defendant as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendants shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action.  By making this payment, each Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant.  Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing

account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

Amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within thirty (30) days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of

the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: January 22, 2014

_____
Hon. James V. Selna
UNITED STATES DISTRICT JUDGE

SEC v. RUBIN, et al., FINAL JUDGMENT AS TO
DEFENDANT THOMAS RUBIN AND DEFENDANT        -EXHIBIT 1
BGLR, LLC                                    PAGE 5 -

|   |   |
|---|---|
| 1 | **PROOF OF SERVICE** |

I am over the age of 18 years and not a party to this action. My business address is:

[X]  U.S. SECURITIES AND EXCHANGE COMMISSION, 100 F Street, N.E., Washington, D.C. 20549-5977

Telephone No. (202) 551-4548; Facsimile No. (202) 772-9292.

On October 11, 2013, I caused to be served the document entitled **NOTICE OF LODGING PROPOSED JUDGMENT AS TO THOMAS RUBIN AND BGLR ENTERPRISES  AND PROPOSED FINAL** JUDGMENT on all the parties to this action addressed as stated on the attached service list:

[ ]  **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]  **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]  **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]  **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]  **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[ ]  **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]  **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]  **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: October 11, 2013              /s/ David Williams
                                                    A. David Williams

SEC v. RUBIN, et al., NOTICE OF LODGING
FINAL JUDGMENT MEDIA GROUP, LLC

# SEC v. RUBIN et al, LLC
## United States District Court – Central District of California
### SACV-11-01466 (JVS)

## SERVICE LIST

Edward Gartenberg, counsel for Thomas Rubin
egartenberg@gghslaw.com
Gartenberg Gelfand Hayton & Selden LLP
801 South Figueroa Street, Suite 2170
Los Angeles, California 90017